FILED
CLERK U.S. DISTRICT COURT

AUG 31 2012

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL J. ORTEGA, et al.,<br><br>    Defendants. | NO. CV 12-7223 UA (DUTYx)<br><br>**ORDER SUMMARILY REMANDING IMPROPERLY-REMOVED ACTION** |

    The Court will remand this unlawful detainer action to state court summarily because defendant Michael J. Ortega ("defendant") removed it improperly.

    On August 22, 2012, defendant, having been sued in what appears to be a routine unlawful detainer action in California state court, lodged a Notice Of Removal of that action to this Court and also presented an application to proceed in forma pauperis. The Court has denied the latter application under separate cover because the action was not properly removed. To prevent the action from remaining in jurisdictional limbo, the Court issues this Order to remand the action to state court.

    Plaintiff could not have brought this action in federal court in the first place, in that defendant does not competently allege facts supplying either diversity or federal-question jurisdiction, and therefore removal is improper. 28 U.S.C. § 1441(a);[1] see Exxon Mobil Corp v.

---

[1] 28 USC § 1441(a) provides that:

    Except as otherwise expressly provided by Act of Congress, any civil action

Allapattah Svcs., Inc., 545 U.S. 546, 563, 125 S.Ct. 2611, 2623 (2005). As an initial matter, the state court complaint attached to the Notice of Removal asserts only a single cause of action for unlawful detainer pursuant to California Code of Civil Procedure § 1166a. (See Notice of Removal, Exh. A at 11).[2] Accordingly, the state court complaint discloses no federal statutory or constitutional question. See Wescom Credit Union v. Dudley, 2010 WL 4916578, at *2 (C.D. Cal. 2010) ("An unlawful detainer action does not arise under federal law."); Indymac Federal Bank, F.S.B. v. Ocampo, 2010 WL 234828, at *2 (C.D. Cal. 2010) ("No federal claim is alleged in the Complaint[]" where "[t]he Complaint contains a single cause of action for unlawful detainer.").

Moreover, to the extent defendant contends that this Court has federal question jurisdiction on the basis of defendant's cross-complaint against plaintiff for various violations of the Federal Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., (see Notice of Removal at 2),[3] defendant's contention is unpersuasive. It is well-settled that "a case may *not* be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." Caterpillar Inc. v. Williams, 482 U.S. 386, 393, 107 S.Ct. 2425, 2430 (1987) (italics in original). Nor can a counterclaim "serve as the basis for [§ 1331[4]] 'arising under' jurisdiction." Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830-32, 122 S.Ct. 1889, 1893-94 (2002). Thus, to the extent defendant's defenses or counterclaims to the unlawful detainer action are based on alleged violations of federal law, those allegations do not provide a

---

brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

[2] For ease of reference, the court labels and refers to the pages in Exh. A of the Notice of Removal in consecutive order, i.e., 1-14.

[3] For ease of reference, the court labels and refers to the pages in the Notice of Removal in consecutive order, i.e., 1-5.

[4] 28 U.S.C. § 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

2

basis for federal-question jurisdiction. See Bank of Mellon New York v. Choe, 2012 WL 628512, at *2 (C.D. Cal. 2012) (no federal question jurisdiction where defendant's removal petition suggests that federal question jurisdiction exists on the basis of defendant's cross-complaint against plaintiff for various violations of the FDCPA because "removal jurisdiction must be determined from the four corners of the complaint as it existed at the time of removal"); Litton Loan Servicing, L.P. v. Villegas, 2011 WL 204322, at *2 (N.D. Cal. 2011) (no federal question jurisdiction because, to the extent defendant's removal petition claims that defendant has alleged violations of the FDCPA and other federal statutes by plaintiff, "defendant's answer, and thereby his asserted violations of federal law, should not be considered for purposes of determining federal question jurisdiction[]").

Finally, even if complete diversity of citizenship exists, the amount in controversy does not exceed the diversity-jurisdiction threshold of $75,000. See 28 U.S.C. §§ 1332,[5] 1441(b).[6] On the contrary, the state court complaint recites that the amount in controversy does not exceed $10,000. (See Notice of Removal, Exh. A at 11). Moreover, "[i]n unlawful detainer actions, . . . the amount of damages sought in the complaint, not the value of the subject real property, determines the amount in controversy." Litton, 2011 WL 204322, at *2 (noting that "[i]n unlawful detainer actions such as this one, California courts have noted that the right to possession alone is involved – not title to the property[]") (internal quotation marks, brackets and citation omitted).

---

[5] 28 U.S.C. § 1332(a) provides that diversity jurisdiction exists only in suits between citizens of different states and "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."

[6] 28 U.S.C. § 1441(b) provides that:

> (1) In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.
>
> (2) A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

1 | Here, plaintiff's complaint alleges damages for the reasonable value of the use and occupancy
2 | of the subject property, i.e., plaintiff seeks $48.23 per day from expiration of the notice to vacate,
3 | May 3, 2012, through the date on which defendant relinquishes possession. (See Notice of
4 | Removal, Exh. A at 13). Because these damages sought from the unlawful possession of the
5 | property do not exceed $75,000 (thus far, they would total approximately $5,643), this Court lacks
6 | diversity jurisdiction. See 28 U.S.C. § 1332(a); St. Paul Mercury Indem. Co. v. Red Cab Co., 303
7 | U.S. 283, 291, 58 S.Ct. 586, 591 (1938) (the status of the case as disclosed by the plaintiff's
8 | complaint is controlling for purposes of removal).

9 | Based on the foregoing, IT IS ORDERED that:

10 | 1. This matter shall be REMANDED to the Superior Court of California, Los Angeles
11 | County, Southwest District, Torrance Courthouse, 825 Maple Avenue, Torrance, CA 90503, for
12 | lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

13 | 2. The Clerk shall send a certified copy of this Order to the state court.

14 | 3. The Clerk shall serve copies of this Order on the parties.

16 | DATED: 8/30, 2012.

AUDREY B. COLLINS
CHIEF UNITED STATES DISTRICT JUDGE